Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteeringlaw@yahoo.com

Attorney for plaintiff Ahrian D. Fernandez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHRIAN D. FERNANDEZ,<br><br>        Plaintiffs,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES,<br>RODNEY ANDERSON, DAVID<br>CHEVEZ and DOES 1 through<br>10, inclusive,<br><br>        Defendants. | ) Case No.<br>)<br>) COMPLAINT DAMAGES FOR<br>) VIOLATION OF FEDERAL<br>) CONSTITUTIONAL RIGHTS UNDER<br>) COLOR OF STATE LAW<br>) (42 U.S.C. § 1983) UNREASONABLE<br>) SEIZURE OF PERSON, MALICIOUS<br>) PROSECUTION, FAILURE TO<br>) DISCLOSE EXCULPATORY<br>) EVIDENCE, ARREST WITHOUT<br>) WARRANT OR PROBABLE CAUSE<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR DAMAGES

1

**COMES NOW** plaintiff AHRIAN D. FERNANDEZ and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2.)

## GENERAL ALLEGATIONS

3.     Plaintiff AHRIAN D. FERNANDEZ, hereinafter referred to as "FERNANDEZ" is a natural person, who, at all times complained of in this action, resided in the State of California.

4.     Defendant RODNEY ANDERSON, hereinafter referred to as "ANDERSON", is, and at all times complained herein, was, a Lieutenant and a deputy sheriff  with the Los Angeles County Sheriff's Department. At all times complained of herein, ANDERSON  was acting as an individual person under the color of state law, pursuant to his status as a deputy sheriff, and was acting in the course of and within the scope of his employment with defendant County Of Los Angeles.

COMPLAINT FOR DAMAGES

2

5.  Defendant DAVID CHEVEZ, hereinafter referred to as "CHEVEZ", is, and at all times complained herein, was, a deputy sheriff with the Los Angeles County Sheriff's Department. At all times complained of herein, CHEVEZ was acting as an individual person under the color of state law, pursuant to his status as a deputy sheriff, and was acting in the course of and within the scope of his employment with defendant County Of Los Angeles.

6.  Defendant County of  Los Angeles, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

8.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officers, public officials or employees of defendant COUNTY and/or otherwise employed by the Los Angeles County Sheriff's Department, who in some way committed some or all of the tortious actions (including constitutional torts) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their

authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the County Manager and/or Assistant County Manager and/or Sheriffs and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other supervisory personnel and/or policy making and/or final policy making officials, employed by the Los Angeles County Sheriff's Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate deputies, approving actions of subordinate deputies), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Los Angeles County Sheriff's Department for: 1) for unlawfully seizing persons; 2) for unlawful searching persons, their homes and possessions  / effects; 3) for falsely arresting and

COMPLAINT FOR DAMAGES
4

falsely imprisoning persons; 4) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 6) for covering-up unlawful and tortious conduct by Los Angeles County Sheriff's Department personnel, and 7) for maliciously prosecuting innocent civilians, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

11.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

12.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles County Sheriff's Department, and were acting in the course of and within the scope of their employment with COUNTY.

13.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Los Angeles County Sheriff's Department and/or otherwise with defendant COUNTY[1].

14.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

15.     Moreover, at all times complained of herein, defendants CHEVEZ, ANDERSON and DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies,

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

6

usages and practices of the Los Angeles County Sheriff's Department  / COUNTY, for, *inter alia*: 1) for using excessive / unreasonable force on persons; 2) for unlawfully seizing persons; 3) for unlawful searching persons; 4) for falsely arresting and falsely imprisoning persons; 5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 6) for covering-up unlawful and tortious conduct by Los Angeles County Sheriff's Department personnel, 7) for maliciously prosecuting persons, 8) withholding exculpatory evidence from prosecutorial authorities and 9) for performing unlawful warrantless searches of private residences and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

16.    In addition to the above and foregoing, defendants CHEVEZ, ANDERSON and DOES 1 through 10, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive the plaintiff of those rights as

complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

17.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation of First And Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against all Defendants)**

18.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19.     On January 1, 2012  FERNANDEZ was driving his 4-door sedan car in Los Angeles, California, and was giving his neighbor, Gregory Rutherford, a ride.

20.  On that same date, ANDERSON, CHEVEZ and DOES 1 to 6, inclusive, were driving their Los Angeles County Sheriff's Department  patrol car near the intersection of Normandie and Century, in Los Angeles, California, when they effected a traffic stop on the vehicle occupied and driven by the plaintiff.

21.     The plaintiff had not committed any traffic violations and ANDERSON, CHEVEZ and DOES 1 to 6, inclusive, had no reason to have suspected that plaintiff had committed a crime.

COMPLAINT FOR DAMAGES

22.   The plaintiff saw the red and blue lights activated on ANDERSON's, CHEVEZ's and DOES 1 to 6, inclusive's light bar on top of their patrol car, and pulled his car over to the side of the road and stopped his car.

23.   After stopping, the plaintiff opened his car driver side window and put his hands outside of the car through said window, to show ANDERSON, CHEVEZ and DOES 1 to 6, inclusive, that he wasn't a threat to them; to minimize the chances of him getting shot because the deputies were too trigger happy.

24.   ANDERSON, CHEVEZ and DOES 1 to 6, inclusive, got out of their patrol car and approached the vehicle occupied by the plaintiff and his neighbor.

24.   CHEVEZ and DOES 1 to 3, inclusive, immediately grabbed the plaintiff and pulled him out of his car, and physically restrained him to detain him.

25.   CHEVEZ and DOES 1 to 3, inclusive, immediately reached into and searched the plaintiff's pants and sweatshirt pockets, and emptied the contents of the same, and placed those contents on top of the hood of the plaintiff's car. Those contents were the plaintiff keys, his wallet and his cell phone.

26.   At the same time, ANDERSON and DOES 4 to 6, inclusive, took Gregory Rutherford outside of the plaintiff's car and detained him.

27.   ANDERSON, CHEVEZ and DOES 1 to 6, inclusive, then searched the plaintiff's car, and located an ice pick that was on the center console of said car.

28.   During their search of the plaintiff's car, said deputy sheriffs also located

COMPLAINT FOR DAMAGES

9

the plaintiff's tool bag; tools that he uses to make repairs on the Semi-truck that the plaintiff owns and operates for a living.

29.     Said defendants then searched the plaintiff's tool bag and located another ice pick inside of the same.

30.     Said defendants also located a white foam ice chest / cooler with a block of ice inside of the same while they were searching the plaintiff's car. Plaintiff verbally protested said defendant officer's actions, and they became angry with him.

31.     Said defendants handcuffed the plaintiff and placed him in the back seat of their patrol car and took him to jail, where he remained until he was able to post bail.

32.     Said defendants arrested the plaintiff and had him booked for violation of Cal. Penal Code § 21310; possession of a dirk or dagger concealed upon one's person; a felony[2].  Plaintiff didn't have any dirk or dagger, or any ice pick, concealed upon his person.

33.     Plaintiff didn't have any dirk or dagger, or any ice pick, concealed upon his person. Nonetheless, ANDERSON, CHEVEZ and DOES 1 to 6, inclusive, knew that the plaintiff had two prior "strikes" under California's three strikes law, and decided to frame the plaintiff for a third strike, that would have

---

[2] Cal. Penal Code § 21310 can be charged by the District Attorney's Office as either a misdemeanor or a felony.

COMPLAINT FOR DAMAGES

10

resulted in his being sentenced to 25 years to life in state prison.

34.     Thereafter, said defendants authored bogus police reports and bogus probable cause for warrantless arrest declarations, that contained material misstatements of fact, to justify their arrest of the plaintiff, and to procure his malicious criminal prosecution of the plaintiff.

35.     Thereafter, relying on statements made in said bogus police reports and probable cause for warrantless arrest declarations, on January 4, 2012, the Los Angeles County District Attorney's Office filed a felony criminal action against the plaintiff; *People of the State of California v. Ahrian Fernandez*; Los Angeles County Superior Court Case Number INGYA083186-01, alleging one Count of Cal. Penal Code § 21310; possession of a dirk or dagger concealed upon one's person; a felony.

36.     On October 16, 2012, a jury found the plaintiff not guilty of that sole criminal felony charge.

37.     Accordingly, the seizure and arrest of FERNANDEZ by CHEVEZ, ANDERSON and DOES 1 through 10, inclusive, constituted an unlawful and unreasonable seizure of FERNANDEZ (i.e. an unlawful detention and arrest of his person), without a warrant or probable cause to believe that he committed a crime[3];

---

[3] Or even reasonable suspicion of criminality afoot.

COMPLAINT FOR DAMAGES

in violation of his right to be free from such a seizure under the Fourth Amendment to the United States Constitution. Moreover, as said seizure of the plaintiff was done in retaliation for his complaining to the defendants of their treatment of him, plaintiff was also seized and prosecuted in violation of his First Amendment free speech / right to petition rights.

38.     As a direct and proximate result of the actions of defendants CHEVEZ, ANDERSON and DOES 1 through 10, inclusive, as complained of herein, FERNANDEZ: 1) was substantially physically, mentally and emotionally injured, and suffered great physical[4], mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) attorney's fees, bail costs and associated litigation and other related costs, and 4) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

39.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, except defendant COUNTY, in an amount to be proven at trial, in excess of $10,000,000.00.

---

[4] Via the physical manifestation of severe emotional distress.

COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of First, Fourth And Fourteenth Amendment Rights**
**(Against All Defendants)**

40.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.     As shown above, CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, procured the bogus criminal prosecution of plaintiff FERNANDEZ on a bogus charge of violation of Cal. Penal Code § 21310; carrying concealed weapon.

42.     Also as shown above, CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, knew that plaintiff FERNANDEZ had not committed a either violation of Cal. Penal Code § 21310.

43.     Also as shown above, said defendants conspired to author bogus police reports about the January 12, 2012 incident, did so author said false reports, and conspired among each other to falsely and maliciously accuse plaintiff FERNANDEZ of various acts to show that plaintiff FERNANDEZ had violated that statute.

44.     Said police reports authored by CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the Los Angeles County District Attorney's Office

relied, in large part, in deciding to file and to maintain the criminal prosecution of the plaintiff for violation of Cal. Penal Code § 21310.

45.     Moreover, the Los Angeles County District Attorney's Office also filed and prosecuted the above-referenced criminal action against the plaintiff because of political pressure exerted by defendants upon the Los Angeles County District Attorney's Office, including those Deputy District Attorney's who participated in filing and prosecuting said above-referenced criminal action against the plaintiff.

46.     Moreover, said criminal action against FERNANDEZ was terminated in his favor, in a manner inconsistent with guilt; by a jury finding that FERNANDEZ was not guilty of violating Cal. Penal Code § 21310 on October 16, 2012.

47.     Moreover, as shown above, none of said defendant officers had probable cause to believe that FERNANDEZ committed a crime.

48.     Moreover, said criminal action was procured by said defendants with malice, and in retaliation for FERNANDEZ's exercise of his First and Fourth Amendment rights, said malicious criminal prosecution violated the plaintiff's constitutional rights under the First and Fourth Amendments to the United States Constitution.

49.     Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing

COMPLAINT FOR DAMAGES

14

and/or procurement of a bogus criminal action[5], pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants also constituted a violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

50.    Moreover, said defendants withheld exculpatory evidence from the Los Angeles District Attorney's Office; evidence which if known by said prosecutors at said office, would have resulted in the Los Angeles County District Attorney's Office not filing said criminal case against FERNANDEZ.

51.    As a direct and proximate result of the actions of defendants CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) incurred towing fees and bail fees, 3) lost the use of his personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $5,000.000.00.

52.    The actions of defendants CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights,

---

[5] Immunity via Cal. Gov't Code § 821.6.

COMPLAINT FOR DAMAGES

sufficient for an award of punitive / exemplary damages against all defendants,

except defendant COUNTY, in an amount to be proven at trial which is in excess of

$5,000,000.00.

### THIRD CAUSE OF ACTION
### WITTHOLDING EXCULPARTORY EVIDENCE
### [VIOLATION 42 U.S.C. § 1983]
### Violation Of First, Fourth, Fifth, Sixth and Fourteenth Amendment Rights
### (Against All Defendants)

53.     Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54.      As shown above, CHEVEZ, ANDERSON and DOES 1 through 6,

inclusive, procured the bogus criminal prosecution of plaintiff  FERNANDEZ on a

bogus charge of violation of Cal. Penal Code § 21310; carrying concealed weapon.

55.     Also as shown above, CHEVEZ, ANDERSON and DOES 1 through 6,

inclusive, knew that plaintiff  FERNANDEZ had not committed a either violation of

Cal. Penal Code § 21310.

56.     Also as shown above, said defendants conspired to author bogus police

reports about the January 12, 2012 incident, did so author said false reports, and

conspired among each other to falsely and maliciously accuse plaintiff

FERNANDEZ of various acts to show that plaintiff FERNANDEZ had violated that

statute.

57.     Said police reports authored by CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the Los Angeles County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of the plaintiff for violation of Cal. Penal Code § 21310.

58.     Moreover, said defendants withheld from the Los Angeles County District Attorney's Office, important exculpatory evidence that showed that the plaintiff didn't do those material actions and makes those material statements attributed to the plaintiff, that said defendants contained in their police reports.

59.     If the Los Angeles County District Attorney's Office had known said exculpatory evidence that was being withheld from them, they would not have filed or prosecuted the above-referenced criminal action against the plaintiff.

60.     Moreover, said criminal action against FERNANDEZ was terminated in his favor, in a manner inconsistent with guilt; by a jury finding that FERNANDEZ was not guilty of violating Cal. Penal Code § 21310 on October 16, 2014.

61.     Moreover, as shown above, none of said defendant officers had probable cause to believe that FERNANDEZ committed a crime.

62.     Moreover, said criminal action was procured by said defendants with malice, and in retaliation for FERNANDEZ's exercise of his First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

63.     Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action[6], pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants also constituted a violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

64.     As a direct and proximate result of the actions of defendants CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, towing fees and bail fees, 3) lost the use of his personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs;  all in an amount to be proven at trial which is in excess of $5,000.000.00.

65.     The actions of defendants CHEVEZ, ANDERSON and DOES 1

---

[6] Immunity via Cal. Gov't Code § 821.6.

COMPLAINT FOR DAMAGES

18

through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, except defendant COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL SEARCH OF PERSON AND VEHICLE**
**[VIOLATION 42 U.S.C. § 1983]**
**Violation Of Fourth And Fourteenth Amendment Rights**
**(Against All Defendants)**

66.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in full herein.

67.     As shown above, CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, unlawfully searched the plaintiff's person and his vehicle during the incident complained of in this action.

68.     Also as shown above, CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, didn't have a warrant, or either reasonable suspicion of criminality afoot or probable cause to believe that the plaintiff either committed a crime, or was armed or dangerous.

69.     Also as shown above, said defendants conspired to author bogus police reports about the January 12, 2012 incident, did so author said false reports, and conspired among each other to falsely and maliciously accuse plaintiff

COMPLAINT FOR DAMAGES
19

FERNANDEZ of various acts to show that plaintiff FERNANDEZ had violated that statute.

70.     As a direct and proximate result of the actions of defendants CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, towing fees and bail fees, 3) lost the use of his personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs;  all in an amount to be proven at trial which is in excess of $5,000.000.00.

71.     The actions of defendants CHEVEZ, ANDERSON and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, except defendant COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**WHEREFORE**, plaintiff pray for judgment as follows:

        a)  For a judgment against all defendants for compensatory damages in an amount in excess of $30,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $10,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____

JERRY L. STEERING

COMPLAINT FOR DAMAGES

21